FRED BOTTERI, PETITIONER, v. CATHERINE S. BOTTERI, DEFENDANT.

Argued January 21, 1948—Decided March 29, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the petitioner, *Richard F. Green.*

For the defendant, *Gilfert & Brown.*

The opinion of the court was delivered by

EASTWOOD, J.   Petitioner, Fred Botteri, husband of the defendant, Catherine S. Botteri, seeks a writ of *certiorari* to review an order of the Hudson County Juvenile and Domestic Relations Court made on September 30th, 1947, fixing an allowance of $10 per week to be paid by the petitioner to his wife toward her support, the sum of $3 per week to be applied to the payment of doctor and hospital bills of $711, and further directing that the then arrearages under the previous support order in the amount of $119 be held in abeyance.   The record before us is, to say the least, sketchy and incomplete.   We have been able, however. to gather that a hearing of the wife's charges against her husband was held on May 7th, 1946, whereby an order for support was made in the amount of $7 per week; and that a further hearing was held on March 10th, 1947, continuing the provisions of the order of May 7th, 1946, and directing that

arrearages then amounting to $56 be liquidated at the rate of $2 per week. As stated, the order under review was made on September 30th, 1947. Petitioner seeks to review the order in question on the ground that the evidence before the Hudson County Juvenile and Domestic Relations Court was insufficient to justify the order. In opposition the defendant wife contends that the order was proper and that additionally the petitioner is guilty of laches, in that the present application for the writ was made more than eighteen months after the entry of the original order of May 7th, 1946, and is barred by *R. S.* 2:81–2.

Application for a writ of *certiorari* was made by petitioner originally to Chief Justice Case and denied by him.

The record before us is barren of any testimony adduced at the hearing before the Juvenile and Domestic Relations Court. The result is that all this court has before it for its consideration is the order of September 30th, 1947. Obviously, the wife's contention that the present application has not been timely brought is without substance. The original order of May 7th, 1946, cannot be relied upon in this application, as it automatically expired at the end of one year from the date thereof. *R. S.* 2:204–10, incorporated in *R. S.* 9:18–14 vests concurrent jurisdiction in the Juvenile and Domestic Relations Court "to hear and determine disputes involving the domestic relation or the welfare of children, jurisdiction over which is or may be vested by law in any court of this state except the Court of Chancery or the Orphans Court."

In view of the fact that the record before us does not disclose what evidence was before the lower court, we must assume that the Juvenile and Domestic Relations Court properly acquired jurisdiction and that the evidence adduced before him was sufficient to justify his findings. This court will not interfere on *certiorari* with matters confided to the discretion of the court below unless it is clearly shown that there has been an abuse of such discretion to the injury of the complaining party. *Clifford* v. *Overseer of Poor,* 37 *N. J. L.* 152. The record before us is barren of any abuse of discretion in the lower court's action. It is elementary

that the weight and sufficiency of the evidence below will not be considered by the Supreme Court, provided there is any evidence to support the findings of the lower court. *Ryer* v. *Turkel,* 75 *Id.* 677; 70 *Atl. Rep.* 68.

Our disposition of the matter dispenses with the necessity of considering the other grounds advanced by the petitioner in support of his contentions.

The application is denied.