26 N.J. Super. 424 (1953)
98 A.2d 329
EDNA KRAUSE, PLAINTIFF-RESPONDENT,
v.
STEPHEN KRAUSE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1953.
Decided June 25, 1953.
*425 Before Judges FREUND, STANTON and FRANCIS.
Mr. Alfred Brenner argued the cause for the defendant-appellant (Mr. Alexander Seclow, attorney).
*426 Mr. James A. McTague argued the cause for the plaintiff-respondent.
STANTON, J.A.D. (temporarily assigned).
The defendant husband appeals from an order made by the Juvenile and Domestic Relations Court which increased the allowance for the support of his wife and 17-year-old daughter. There is a cross-appeal by the wife from the denial of her application for counsel fees.
The original complaint was filed on June 21, 1948, and the court by its order of December 10, 1948 directed that the husband pay $25 weekly for the support of his wife and two daughters then aged 12 and 14 years. The order appealed from is dated November 7, 1952 and it requires the husband to pay $40 weekly for the support of his wife and $20 weekly for that of his younger daughter. The application for the increase was based on the illness of the wife and the increased ability of the husband to pay.
No stenographic record of the testimony was made and the proofs before us appear in a statement in lieu of transcript. Upon the argument, counsel for both parties complained of deficiencies in the record, but admitted that they had done nothing below to augment it.
At the hearing upon which the December 1948 order was based, the husband testified that he was employed by his mother and received as compensation $50 weekly and a supply of bread. Upon her death in 1951 he inherited a one-third interest in the bakery business which she had conducted. The other owners are his brother and sister, but the latter is not active in the business. He testified that he and his brother draw $60 weekly from the business, which employs four bakers who receive wages of $111 weekly, and three delivery wagon drivers who receive $40 weekly. Whether these are the only employees does not appear. He testified also that he received $25,000 in bonds from his mother's estate. There is proof that within the year preceding the hearing $10,000 was spent upon additions to the business property and $20,000 was expended for new equipment in *427 the bakery; that the husband was the owner of a new Cadillac automobile which cost $3,400 and which he obtained by turning in an older model Cadillac and paying $1,400 in cash; that he has the use of a 33-ft. two-engine cruiser which cost $14,000 and which he said is owned by his brother; that he uses it one week in the month at an operating cost of $6; and that he takes winter vacations in Florida and spent three weeks there in March 1952.
There is no rigid standard by which an allowance for support may be made. It should be such as the circumstances of the parties and the nature of the case renders fit, reasonable and just. There should be considered the physical condition and the social position of the parties, the husband's property and income, and the separate property and income of the wife. The sum fixed should be what the wife and children would have the right to expect as support if they were living with their husband and father. Dietrick v. Dietrick, 88 N.J. Eq. 560 (E. & A. 1918).
The court below, in considering a proper allowance for the support of the wife and daughter, was not limited to what the husband said was his drawing from the business. It had the right to consider all the property owned by him, including bonds inherited from his mother, his interest in the bakery, his ownership and operation of an expensive automobile, his ability to take winter vacations in Florida, and his operation of a large cruiser even though it was not owned by him. It had the right also to consider his capacity to earn money from a proper and diligent attention to his business. Robins v. Robins, 106 N.J. Eq. 198 (E. & A. 1930); Bonanno v. Bonanno, 4 N.J. 268 (1950).
We are of the opinion that upon the proofs there was no abuse of discretion by the court below in making the order in question. Botteri v. Botteri, 137 N.J.L. 61 (Sup. Ct. 1948).
There is no provision in the rules or statutes for the allowance of a counsel fee to a wife in a proceeding in the Juvenile and Domestic Relations Court. However she urges that Rule 6:5-3(f) which provides:
*428 "Whenever a proceeding is brought in an adult cause to provide for the support of dependents, the Juvenile and Domestic Relations Court shall follow the practice of the Superior Courts in actions or proceedings for maintenance or support so far as may be appropriate."
should be construed so as to warrant an allowance of a counsel fee under Rule 3:54-7(a). The rules of court adopted upon the creation of the courts under the 1947 Constitution greatly restricted the power which had theretofore been vested in the Court of Chancery for the granting of counsel fees. Cf. State v. Otis Elevator Company, 12 N.J. 1 (1953). It is interesting to compare Rule 6:5-3(f) with Rule 5:2-1 which provides that the Superior Court rules with certain exceptions shall be applicable to the practice in the Law Division of the County Courts, and with Rule 5:3-1 which provides for the applicability of certain Superior Court rules to the practice in the Probate Division of the County Courts. It will be noted that both of these rules make specific reference to Rule 3:54-7. It is our conclusion that the court below, which admittedly never had the power to grant a counsel fee prior to 1948, does not have it now by virtue of Rule 6:5-3(f).
The judgment is affirmed.