89 N.J. Super. 133 (1965)
214 A.2d 314
PARIVASH, ALSO KNOWN AS PARI, IJADI, ALSO KNOWN AS EJADI, PLAINTIFF,
v.
YOUSEF, ALSO KNOWN AS JOSEPH, IJADI, ALSO KNOWN AS EJADI, DEFENDANT.
Superior Court of New Jersey, Chancery Division  Essex County.
Decided October 27, 1965.
*135 Mr. Leslie H. Cohen for plaintiff.
Mr. Stephen N. Maskaleris for defendant.
CONSODINE, J.C.C. (temporarily assigned).
Here plaintiff, after filing for separate maintenance on the ground of extreme cruelty, fled to her native land with the older of two children, leaving the second, born after suit, with defendant. Plaintiff has remained in Iran with the child despite court order. She failed to appear for trial. Defendant seeks dismissal of suit, cancellation of all arrears under the pendente lite order, and custody of the younger child. His proposed judgment makes no provision for either the custody or support of the older child. He argues as a reason for not supporting the child, that plaintiff is in contempt of orders of the court directing return of the child in her temporary custody and ordering reasonable visitation.
*136 Defendant is entitled to dismissal of the complaint insofar as it seeks separate maintenance and an accounting of property. The court will retain jurisdiction of the custody and support aspects in regard to both children.
A custody award is always temporary in nature and may be changed at any time in accord with future conditions and circumstances. Wojnarowicz v. Wojnarowicz, 48 N.J. Super. 349 (Ch. Div. 1958).
Custody of the younger child is with defendant. It will remain there. Custody of the older child is with the mother in Iran. It would be a nugatory act to order again that plaintiff return that child to this jurisdiction. Rawlins v. Trevethan, 139 N.J. Eq. 226, 230 (Ch. 1947); Fiedler, Inc. v. Coast Finance Co. Inc., 129 N.J. Eq. 161 (E. & A. 1941); McClusky v. O'Brien, 137 N.J. Eq. 20 (Ch. 1945). And this is true even in the face of our policy, expressed in statutes, concerning the removal of minor children of divorced or separated parents, N.J.S.A. 9:2-2 and 4, which are supplementary to the parens patriae jurisdiction of the court. Fantony v. Fantony, 21 N.J. 525, 535 (1956); Grove v. Grove, 21 N.J. Super. 447 (App. Div. 1952). Generally, see Salmon v. Salmon, 88 N.J. Super. 291 (App. Div. 1965).
This court would not reward plaintiff's outrageous conduct by now awarding custody to her of the child in Iran, but nonaction i.e., leaving the child with her and leaving in existence the order to return the child, does just that in a slightly more limited way. Her conduct, however, is not misconduct as defined in the statute, N.J.S.A. 9:2-4, or cases, Grove v. Grove, supra.
This court will take no action regarding custody of the older child except to recognize that the child is with the mother and, from the record, apparently receiving good care. The best interests of the child are thus, in a presently impossible situation, best served. In no sense is this realistic approach an abdication of our "statutary and parens patriae duty and responsibility to decide what custodial disposition is for the best interest[s] of minor children native to and resident, *137 as well as domiciled, in New Jersey all their lives." Casteel v. Casteel, 45 N.J. Super. 338, 352 (App. Div. 1957).
There remains the question of support of the older child. The pendente lite order provided for $15 per week for the plaintiff and $20 per week for each of the two children, and awarded custody to plaintiff with reasonable rights of visitation in defendant.
Defendant, under threat of contempt, made one payment of $250 against that order after plaintiff had fled the country. He now seeks return of this payment from our Probation Department.
To fail to supply at least a modicum of support for the infant in Iran would be to punish the infant for the sins of the mother and to reward the father for ignoring, both before the mother fled to Iran and afterwards, the order of support.
By the natural law, the father and mother are under a duty to provide for and maintain their children. Osborn v. Allen, 26 N.J.L. 388, 391 (Sup. Ct. 1857); Bruguier v. Bruguier, 12 N.J. Super. 350 (Ch. Div. 1951). The duty of a father to support his minor children is a duty flowing directly from him to them, without regard to any marital dereliction of his wife. Daly v. Daly, 21 N.J. 599 (1956); 39 N.J. Super. 117 (J.D.R. Ct. 1956); N.J.S. 2A:4-30.1 et seq. This duty is a continuing one. Royce v. Royce, 124 N.J. Eq. 469 (E. & A. 1938); Mowery v. Mowery, 38 N.J. Super. 92 (App. Div. 1955).
In Comparri v. James Readding, Inc., 120 N.J.L. 168 (E. & A. 1937), the court categorically held that the law imposed upon the father the duty of fully and wholly maintaining his child. This case was only recently cited in Santiago v. New Jersey Fireworks Mfg. Co. Inc., 88 N.J. Super. 495 (App. Div. 1965).
It is true that this court may deny or reduce support as a lever. Daly v. Daly, supra. However, the imposition of this sanction is permissive and not mandatory.
*138 Would the sanction, if imposed in the present case, result in, or aid, the return of the child to the jurisdiction? On the record the answer must be in the negative.
Under all the circumstances, and in the best interest of the child, the father must contribute at least nominally to its support in Iran. There will be an allowance of $7.50 per week as of the date of the pendente lite order, a minimal amount as to which the experience of the court is the sole basis, there being no estimate of expenses available. Curley v. Curley, 37 N.J. Super. 351 (App. Div. 1955). Payment will be through the Probation Department. All arrears as to plaintiff and the younger child are canceled. The balance, presently held in the Probation Department, will be disbursed for the benefit of the older child in accordance herewith.
There will be no costs or counsel fees.