94 N.J. Super. 403 (1967)
228 A.2d 698
PARIVASH, ALSO KNOWN AS PARI, IJADI, ALSO KNOWN AS EJADI, PLAINTIFF-RESPONDENT,
v.
YOUSEF, ALSO KNOWN AS JOSEPH, IJADI, ALSO KNOWN AS EJADI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 1967.
Decided April 10, 1967.
*405 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. Stephen N. Maskaleris argued the cause for appellant.
Mr. Leslie H. Cohen argued the cause for respondent.
The opinion of the court was delivered by LEWIS, J.A.D.
This is an appeal and cross-appeal from a judgment of the Chancery Division whose opinion is reported at 89 N.J. Super. 133 (1965). Plaintiff wife sued for separate maintenance and custody and support of the two children of the marriage. The trial court held that since plaintiff had fled before trial to Iran, her native country, taking with her Kamran (then age four), the older of the children, defendant husband was entitled to a dismissal of the complaint insofar as it demanded separate maintenance for her and an accounting of property. Since *406 Kamran remained without the jurisdiction there was no order with respect to his custody, but the father was ordered to pay $7.50 per week, through the Essex County Probation Department, for his support.
Defendant on appeal urges that the complaint should have been dismissed because of plaintiff's failure to prosecute, and that, in any event, the order of support should be reversed. The contentions on the cross-appeal are that the minimum support payments should have been $15 a week and defendant should have been required to pay a counsel fee.
The record reveals that plaintiff's suit was commenced in February 1964 and, on May 12 of that year, she was awarded custody pendente lite of the two children, Kamran and Samuel, with reasonable rights of visitation to defendant, who was ordered to pay his wife $25 per week for her support and $20 per week support for each of the two children. Subsequently, on July 24, 1964, the wife, with the infant son Kamran, disappeared and, unbeknown to defendant and without his consent, fled to Iran, abandoning the younger son Samuel. By an order dated November 25, 1964 defendant was given custody pendente lite of Samuel, and the weekly support payments for Kamran were reduced to $15. Thereafter, defendant addressed a series of motions to the trial court seeking, inter alia, (1) to force his wife's return with Kamran to this State, (2) suspension of all support payments for her and Kamran, and (3) the fixing of an early hearing date on her complaint.
Prior to July 2, 1965 the trial had been postponed on four occasions. On that date defendant secured an order from Judge Collins which directed plaintiff to return Kamran, "a United States citizen, to the jurisdiction of this court." In addition, the judge addressed a letter to counsel scheduling final hearing for September 15, 1965, with a notation, "Unless you appear on that date the case will be dismissed." On that day, when the case came on for trial before Judge Consodine, plaintiff did not appear, and her *407 attorney read into the record the following letter, dated September 10, 1965, which he had received from her:
"I have received your letter of Sept. 3 and I am advised that there is nothing that you can do in this case. I am awfully sorry that I wasn't able at least to make myself understood. That in order to be able to come back I need money and also all my questions remain unanswered; although, you as my attorney, were the one who could reply me.
I, also, from your previous letters gathered that it is very probable that in the case I appear in N.J. I would not be able to leave it and you never explained to me which law says so?
Probably I'll propound this case in an international court or in a court in Teheran. In that case I'll ask for my file."
No evidence was proffered with respect to the needs of the infant in Iran. At this juncture, we observe the uncontradicted statements in the affidavit of defendant, in opposition to plaintiff's motion to dismiss his appeal, wherein defendant declares that he and his wife were of Iranian birth; he had given up citizenship of that country and had become a citizen of the United States; his wife constantly talked about her homeland, often commented on how much she hated being in the United States, and expressed a desire to return to her native country where her father was a wealthy physician and "her family is in the upper strata both economically and socially."
Judge Consodine held:
"Defendant is entitled to dismissal of the complaint insofar as it seeks separate maintenance and an accounting of property. The court will retain jurisdiction of the custody and support aspects in regard to both children.

* * * * * * * *
Custody of the younger child is with defendant. It will remain there. Custody of the older child is with the mother in Iran. It would be a nugatory act to order again that plaintiff return that child to this jurisdiction. * * *." (89 N.J. Super., at p. 136)
In the circumstances, bearing in mind plaintiff's delay in prosecution of the case, the total lack of proofs, the flaunting of the court's order as to visitation rights, the *408 removal of Kamran to a foreign country, her failure to return the boy as directed by the court, and her letter of September 10, 1965, the complaint in its entirety should have been dismissed without prejudice.
The trial court properly declined to award custody of Kamran to defendant on the ground it would be a useless gesture. Plaintiff was already in contempt of court, and the court was powerless to deliver the boy to defendant. The court did no more than recognize the status quo without placing any seal of approval on plaintiff's conduct.
The welfare of the child is, of course, the touchstone in matters of support just as it is in matters of custody, and, as a general rule, a father owes his children "a duty of support, even though the plaintiff [wife] had unjustifiably left him * * *." Daly v. Daly, 39 N.J. Super. 117, 122 (J.D.R. Ct. 1956), affirmed 21 N.J. 599 (1956). That duty persists "even where the children reside outside of the State, provided, of course, the father is subject to the jurisdiction of the New Jersey courts." Ibid. However, in exceptional cases where the mother removes a child from the jurisdiction of the court and thereby deprives the father of an effective opportunity to participate in the bringing up of his offspring, economic sanctions have been recognized. In Daly v. Daly, supra, it was declared:
"One of the devices used by the courts to give effectiveness to a father's visitation rights, where the children have been taken out of the State by the mother to a place so distant as in effect to destroy such rights, is to reduce, discontinue or suspend an existing order for the support of the children until the children are returned or until in some other fashion the father's visitation rights can be fully protected. * * *

* * * * * * * *
Thus, where the long-range welfare of the children requires that they have reasonable visitation with their father, the courts have not been loath to bring pressure on the mother to make such visitation rights effective, by using the economic sanction of temporarily depriving her of support for the children or reducing such support." (39 N.J. Super., at pp. 124, 125)
*409 See also Smith v. Smith, 85 N.J. Super. 462, 467-469 (J.D.R. Ct. 1964).
Furthermore, although the trial court found that "the child is with the mother and, from the record, apparently receiving good care," there is a complete and total absence of credible evidence to form an adequate basis on which to exercise judicial discretion in determining whether an order for support should be entered, and, if so, the amount thereof or the ability of the respective parents to respond to the child's needs. Plaintiff was obliged to supply that evidence to sustain such claim. Krause v. Krause, 26 N.J. Super. 424, 427 (App. Div. 1953); Curley v. Curley, 37 N.J. Super. 351, 355-356 (App. Div. 1955); Mowery v. Mowery, 38 N.J. Super. 92, 100-101 (App. Div. 1955), certification denied 20 N.J. 307 (1956); Amadeo v. Amadeo, 64 N.J. Super. 417, 424 (App. Div. 1960).
The trial judge ignored the absence of essential proofs and made the award of support because the imposition of economic sanctions is "permissive and not mandatory" and because he believed there was nothing to indicate that economic sanctions would lead to a return of the boy. (89 N.J. Super., at pp. 137, 138) We are constrained to disagree and to reverse the award of support. The acts of plaintiff are of such a nature that it is incumbent upon the court to exercise every means at its command, though they prove fruitless, to try to effectuate the return of the child. Note our statutory policy mandate in N.J.S.A. 9:2-2.
There was no abuse of discretion in the trial court's disallowance of a counsel fee to plaintiff's attorney.
Plaintiff's complaint should be dismissed in its entirety, and we reverse the order of support for Kamran, retroactive to July 24, 1964. However, the order of July 2, 1965 shall remain in full force and effect. The matter is remanded for modification of the judgment consistent with this opinion. No costs or fees on this appeal or cross-appeal.