147 N.J. Super. 585 (1977)
371 A.2d 791
BARI R. GORDON, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
MICHAEL GORDON, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 23, 1977.
Decided March 11, 1977.
*588 Before Judges LORA, CRANE and MICHELS.
Mr. Ernest Prupis argued the cause for appellant (Messrs. Weltchek, Prupis & Ritz, attorneys).
Mr. Elliot H. Gourvitz argued the cause for respondent (Messrs. Marx and Gourvitz, attorneys).
PER CURIAM.
Plaintiff wife appeals from portions of a final judgment of the Chancery Division in a separate maintenance action which ordered defendant husband to pay $25 a week for the support of the adopted infant son of the marriage and denied her counsel fees and costs. The opinion of the court is reported at 139 N.J. Super. 23 (1976).
Following commencement of the action seeking support and maintenance for herself and the infant child of the marriage, plaintiff moved for pendente lite support for herself and the child. The trial judge ordered defendant to pay plaintiff on account of support of the infant child the sum of $25 a week, which payment was to commence with defendant's receipt of unemployment compensation. The court also ordered defendant to notify plaintiff's attorney when defendant became employed, and entered the order without prejudice to an application for modification upon defendant's becoming employed. Several months after the entry of this order defendant became employed and notified plaintiff accordingly, submitting a wage form indicating that he was receiving $500, apparently every two weeks. Plaintiff thereupon moved for an increase in child support pendente lite. The trial judge reserved decision pending final hearing in the action which had been scheduled. However, he authorized plaintiff to spend from escrowed funds $50 a week for child *589 support, without prejudice to the assessment at the final hearing as to who had the obligation to pay this sum.
A final hearing was held, at the conclusion of which the judge ruled that plaintiff was not entitled to maintain an action for separate maintenance under N.J.S.A. 2A:34-24 and denied her support because she had deserted her husband. The judge held, however, that defendant had an obligation to support his child, and continued the pendente lite support order of $25 a week. See 139 N.J. Super. 23, 27. Thereafter, the judgment was modified to (1) require defendant to pay all support payments through the Union County Probation Department, (2) require defendant to be responsible for one-half of all unreimbursed reasonable and necessary medical expenses of the infant to the extent they exceeded $20 in any calendar month, and (3) enjoin defendant from going to plaintiff's place of business. Plaintiff appealed from the child support award, the denial of her application for counsel fees, and that portion of the order modifying the judgment providing for partial reimbursement of medical expenses only where they exceed $20 in any calendar month. Defendant cross-appealed from the award of child support, the medical reimbursement provision of the modification order, and the injunction prohibiting him from going to plaintiff's place of business. Plaintiff did not appeal from the portion of the judgment which denied her maintenance and support, and subsequently abandoned all claims other than those relating to the amount of child support and counsel fees and costs.[1] Defendant abandoned all issues raised by the cross-appeal, and contends now that the $25 support order was reasonable and should be affirmed. He also seeks counsel fees and costs incurred in connection with this appeal.
We find no merit in plaintiff's claim that the trial judge should have awarded her counsel fees and costs. Accordingly, *590 we affirm that portion of the judgment of the Chancery Division denying those counsel fees and costs.
However, we are convinced from our study of the record that the award of $25 a week for the support of the infant child of the marriage, assessed against defendant, was inadequate and constituted a mistaken exercise of judicial discretion. At the outset, it is beyond question that the trial judge had jurisdiction to award support for the infant child of the marriage of plaintiff and defendant notwithstanding the fact that he held that plaintiff was not entitled to support and maintenance for herself. See Danzi v. Danzi, 142 N.J. Eq. 662, 671 (E. & A. 1948); Sermuks v. Sermuks, 127 N.J. Eq. 364, 365-366 (E. & A. 1940); Koch v. Koch, 95 N.J. Super. 546, 554 (App. Div. 1967); Mowery v. Mowery, 38 N.J. Super. 92, 99-100 (App. Div. 1955), certif. den. 20 N.J. 307 (1956); Rinker v. Rinker, 3 N.J. Super. 251, 255-256 (Ch. Div. 1949); Daly v. Daly, 39 N.J. Super. 117, 122 (J. & D.R. Ct. 1956), aff'd, 21 N.J. 599 (1956). Note also, Parivash v. Yousef, 89 N.J. Super. 133, 137 (Ch. Div. 1965), aff'd in part, rev'd in part, 94 N.J. Super. 403, 408 (App. Div. 1967).
The trial judge should compel a parent to pay such support for his child as the circumstances of the parties and the nature of the case renders fit, reasonable and just. The amount of support obviously cannot be determined with absolute precision. Many factors should be taken into consideration in determining what is proper and reasonable for the support of the child. See Mowery v. Mowery, supra, 38 N.J. Super. at 100, 104-105; Krause v. Krause, 26 N.J. Super. 424, 427 (App. Div. 1953). The touchstone always is the welfare of the child.
Here the judge made no findings whatsoever as to what would be a proper and reasonable amount for the support of the infant. He merely ordered defendant to continue to pay the pendente lite award of $25 a week. Plaintiff claimed that she needed $570 a month for the infant's support. The proofs show that plaintiff was employed full-time *591 as a school teacher and therefore was required to spend $150 a month alone for the day care of the infant. The infant suffered from allergies and required expenditures for special foods above that which would ordinarily be incurred for a healthy child. In addition, plaintiff, as any parent, incurred the usual expenses for shelter, clothing and other necessities. Furthermore, although defendant was receiving only $85 a week from the State of New Jersey for unemployment compensation at the time the pendente lite child support order of $25 a week was entered, at the time of the final hearing he was earning $12,000 a year which after deductions produced a net income of $10,100. Additionally, defendant received income from $20,000 held in a savings account which represented the proceeds of the sale of the marital residence. In these circumstances, we are satisfied that the portion of the judgment of the Chancery Division requiring defendant to pay only $25 a week for the support of his infant child must be reversed. Accordingly, we remand the matter to the trial judge for the limited purpose of determining what amount of child support is fit, reasonable and just in the circumstances, and assessing a portion of the total amount thereof against defendant. We direct that the judge hear the matter on the prior record supplemented by such additional evidence as the parties may present and the judge may deem appropriate and necessary to determine these issues. We direct that, at the conclusion of such hearing, the trial judge make appropriate findings of fact and conclusions of law as to these issues, in accordance with R. 1:7-4.
Counsel informed us at oral argument that the parties have filed amended pleadings in their divorce action and that a plenary hearing is presently scheduled in that matter. Consequently, we direct that the issues to be considered on remand be heard simultaneously with the plenary hearing on the divorce. We do not retain jurisdiction.
No counsel fees or costs are awarded to either party on this appeal.
NOTES
[1] Since the question of plaintiff's entitlement to support and maintenance is not before the court, we do not pass upon the trial judge's ruling on this issue.