187 N.J. Super. 351 (1982)
454 A.2d 901
DIANE BRENNAN, PLAINTIFF-APPELLANT,
v.
MICHAEL BRENNAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 14, 1982.
Decided December 27, 1982.
*353 Bennett, Hueston, Kennedy, Mueller, Mazzagetti & Schwartz, attorneys for appellant (E. Richard Kennedy of counsel and on the brief).
Gutterman & Wolkstein, attorneys for respondent (Leonard A. Wolkstein on the letter brief).
The opinion of the court was delivered by PETRELLA, J.A.D.
This appeal in a matrimonial action is from a May 29, 1981 ruling,[1] as embodied in a September 22, 1981 order, denying plaintiff's post-judgment motion for enforcement of litigant's rights and granting defendant certain relief on his cross-motion. We affirm.
*354 Defendant had cross-moved for an order declaring plaintiff in violation of litigant's rights because of her failure to comply with the terms of the divorce judgment and certain orders filed thereafter regarding visitation rights with the infant children of the marriage. The cross-motion also sought a reduction in the $2,460 of arrearages in child support as a sanction against plaintiff for her lack of compliance with the court's prior orders for visitation, and permission for defendant to pay the remaining balance of arrearages in bi-weekly installments. Defendant also sought to restrain plaintiff from interfering with his visitation rights and his relationship with the children, as well as an order directing her to encourage rather discourage visitation. Both motions sought counsel fees.
After hearing the applications as a sanction against plaintiff, the judge forgave half of the arrearages owed by defendant and essentially granted him the relief sought on his cross-motion, except that the judge ordered the remaining balance paid through the Union County Probation Office. Defendant was also directed to pay for orthodontic care rendered to his daughter. Plaintiff's attorney orally obtained a 14-day stay from the May 29, 1981 ruling. He represented to the court that he would prepare the order immediately so that they might have an order from which to appeal if his client so decided. However, plaintiff's attorney did not prepare or submit a proposed form of order within the time required by R. 4:42-1(a), or as represented, and finally on September 15, 1981 counsel for defendant prepared and forwarded a form of order to the judge. That order was ultimately signed and filed on September 22, 1981. Plaintiff appeals therefrom, contending that there should have been no reduction in arrearages; that defendant should have been denied visitation because of the arrearages, and that she should have been awarded counsel fees.
The parties were divorced by a final judgment entered March 23, 1979, which included the agreement of the parties that defendant would pay $260 a month in alimony and child support, allocated $65 a month for plaintiff and $65 a month for each of *355 the minor children born of the marriage. The judgment also provided, among other things, for visitation of the children by defendant. In October 1979 plaintiff moved for an order in aid of litigant's rights to collect arrearages which had accrued in defendant's alimony and support payments and to enforce his obligation to pay medical and dental bills. Defendant cross-moved for enforcement of litigant's rights, seeking, in part, an order requiring plaintiff to comply with the divorce judgment with respect to his right of visitation. Defendant did not deny the existence of arrearages but said by way of explanation that his business had been slow. He also asserted that his wife had obstructed his visitation attempts by instructing his children to tell him that they did not want to go with him. Defendant filed a supplemental motion in December requesting the court to direct plaintiff to allow Christmas Eve visitation as specified in the divorce judgment. Although these motions were apparently decided only after the holiday, plaintiff was ordered to comply with defendant's visitation rights. That order is not the subject of this appeal, but it is background to the unduly protracted nature of this case.
Problems persisted with respect to defendant's right of visitation and new motions were brought which gave rise to this appeal. Plaintiff brought another motion for enforcement of litigant's rights. Defendant cross-moved for enforcement of his rights. Defendant's supporting certification, dated May 12, 1981, asserted that his former wife had influenced the children against him, and that since his remarriage in September 1980 he had been totally denied visitation. He asserted that his failure to make support payments since October 1980 was in part attributable to his frustration with plaintiff's total disregard of his visitation rights, by a slump in his landscaping and roofing business as a result of the water crisis, and to increased competition due to others entering the field because they were unable to find jobs in other occupations.
In a May 22, 1981 reply certification plaintiff denied interference with defendant's visitation rights. She maintained that *356 defendant was to blame for not having visitation because he was inconsistent in his visitations and defendant told the children that "if they did not want to see him, all they had to do was tell him and he would not visit them again." Plaintiff stated in her certification that the children told defendant that they did not want to see him, and that since September 1980 he made no attempt to do so.
After hearing argument on the motion the judge ruled that he would enforce defendant's visitation rights by what he considered the only feasible method of enforcement here, other than jailing plaintiff  the imposition of economic sanctions against plaintiff. He thus forgave half of the arrearages "based on the problem with the visitation in the past," and ordered the balance paid without delay. This ruling was embodied in the September 22, 1981 order.
In his answering brief on this appeal defendant first contends that plaintiff's appeal should be dismissed because of the failure of plaintiff's attorney to prepare and file the order in this case. Although we have previously acknowledged the responsibility of counsel to promptly prepare and submit the appropriate form of order, we do not think that the interests of justice here warrant dismissal of the appeal on that ground.
As a first ground of her appeal, plaintiff contends that the court erred in reducing the arrearages by half. There is no merit in her argument here. R. 2:11-3(e)(1)(E). We recognize that the obligations of support and the right to visitation are not interdependent. Smith v. Smith, 85 N.J. Super. 462, 466-467 (J. & D.R. Ct. 1964), and Daly v. Daly, 39 N.J. Super. 117, 123 (J. & D.R. Ct. 1956), aff'd 21 N.J. 599 (1956). However, as stated in Smith v. Smith:
Although the Daly case and others in New Jersey and other states stand for the proposition that the obligation to support is not as a general rule dependent upon the right of visitation, [citations omitted], nevertheless a compelling contrary philosophy permeates almost all decisions relating to rights of visitation. This philosophy includes not only the obligation of both parents to love and know their children, but also the right and privilege a child has in getting to *357 know, love and respect both parents. "No court should permit either parent to interfere with the successful attainment of these facets of a child's welfare." [Citations omitted]. Where the welfare of the children requires that they have reasonable visitation with their father, the courts have not been loath to bring pressure on the mother to make such visitation rights effective by using the economic sanction of temporarily depriving her of support for the children or reducing such support. [Citations omitted]. [85 N.J. Super. at 467].
There is likewise no question that the court has the discretion to fix the amount of the arrearages and determine whether and to what extent a support order should be enforced. As stated in Mastropole v. Mastropole, 181 N.J. Super. 130 (App. Div. 1981):
... the enforcement, collection, modification and extinguishment of unpaid arrearages in alimony and child support payments are matters addressed to the sound discretion of the court. Each case demands careful examination and weighing of all of the essential facts. [Citations omitted]. Moreover on an application to determine the amount of arrearages and to compel their payment, the court has discretion to determine whether the prior support order or judgment should be enforced and whether and to what extent a spouse should be forced to pay arrearages. [at 141; citations omitted]
Our review of the record indicates that there was no abuse of discretion by the trial judge in imposing a reduction of the amount of arrearages as a sanction to enforce compliance with its visitation orders. See Parivash v. Yousef, 94 N.J. Super. 403, 408 (App.Div. 1967), and see, generally, Annotation, "Violation of custody or visitation provision of agreement or decree as affecting child support provision, and vice versa," 95 A.L.R.2d 118 (1964).
Plaintiff next challenges the order enforcing visitation as not having been in the best interests of the children and as having been improvidently entered without a plenary hearing. However, we have to bear in mind that defendant is the natural father of the children involved here, and that "[a]bsent serious wrongdoing or unfitness, the right of visitation is strong and compelling." In re Adoption of J.J.P., 175 N.J. Super. 420, 430 (App.Div. 1980). Our canvass of the record discloses no genuine issue of any material fact concerning any wrongdoing or unfitness on the part of the father. The judge apparently accepted *358 the failure of defendant to see his children as attributable to plaintiff's attitude toward the visitation. The prior history of the applications in this case with respect to defendant's inability to obtain visitation rights since the entry of the divorce judgment shows neither disinterest in visitation by defendant nor any reason for the judge to have done anything else but enforce his visitation rights. Accordingly, we affirm the order of the trial judge in all respects.
As a final issue plaintiff argues that the judge erred in failing to award her counsel fees. The trial judge did not expressly rule on awarding counsel fees to either party, despite the request in the motion papers. The court was obviously aware of the counsel fee applications because of the requests in the moving papers and the recital in the order that counsel fees had been requested. The order being silent on these applications can be deemed a denial thereof, especially in view of the prohibition of separate orders for counsel fees. R. 4:42-9(d). There is, moreover, no evidence in the record of any affidavit or certification of services and fees paid ever being submitted, as required by R. 4:42-9(b) and (c).
An award of counsel fees in a matrimonial action, in any event, rests within the sound discretion of the court. R. 4:42-9(a)(1); Williams v. Williams, 59 N.J. 229, 233 (1971). The wife's needs, the husband's ability to pay and the good faith of the party in prosecuting or defending are matters to be taken into consideration. Williams v. Williams, supra. Aside from the procedural defects referred to, we recognize that there was no express finding of good faith or need here. However, although we believe the recited history regarding visitation would warrant affirmance of a denial of counsel fees here by the trial judge, our review of the record moves us in the alternative to exercise our original jurisdiction (R. 2:10-5) in order to fully dispose of this already protracted matter. We deny the counsel fee applications of both parties on the motions.
Affirmed.
NOTES
[1] Due to delay by counsel in submitting the form of order, the order was not filed until September 22, 1981. Our Rules contemplate that orders "be presented to the court for execution" promptly. See R. 4:42-1(a).