686 A.2d 390

GREGORY J. CZURA, PLAINTIFF–RESPONDENT, v. CRAIG SIEGEL, JANET SIEGEL AND SHELLEY BALESTRIERI, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted November 25, 1996—Decided January 8, 1997.

Before Judges BROCHIN and KESTIN.

*Rutgers Law School Constitutional Litigation Clinic*, and *Nashel, Kates, Nussman, Rapone & Ellis*, attorneys for appellants (*Frank Askin* and *Michael B. Kates*, on the brief).

Respondent *Gregory J. Czura*, Esq., submitted a *pro se* brief.

The opinion of the court was delivered by

BROCHIN, J.A.D.

This defamation action was dismissed with prejudice by an order for summary judgment in defendants' favor that was filed April 27, 1995. By a notice of motion filed December 11, 1995, defendants moved "for an order awarding counsel fees and costs pursuant to *N.J.S.A.* 2A:15–59.1, the New Jersey Frivolous Claims Act." After oral argument of the motion, the motion judge stated:

It is clear to this Court by reading the [allegedly defamatory] article as written on September 23rd, 1994 [that] someone trained in the law would recognize that that article was not slanderous, that it was an expression of a First Amendment right involving a public issue by parties who have been involved in a public issue.

It is also clear to the Court that, Mr. Czura, you filed that complaint in a manner which was frivolous because you were trying to put these people off. . . .

> Nevertheless, based upon the time that has elapsed between that filing of the motion for summary judgment granted by this Court and the application now made, I think that it would not be appropriate at this time to allow fees.

An order dated January 18, 1996 was entered in accordance with this ruling denying counsel fees and costs "as being untimely." Defendants have appealed. For the following reasons, we affirm.

*N.J.S.A.* 2A:15–59.1, the Frivolous Litigation Statute, does not state explicitly whether attorneys' fees can be awarded on an application filed after the entry of a final judgment. The statute mentions timing of the application only in subsections a(1) and a(2). Both references condition eligibility for the award of fees on a judicial determination made "at any time during the proceedings or upon judgment. . . ." The reference to "upon judgment," rather than, for example, upon or after judgment, suggests that the fee application may not properly be delayed until substantially after the time when judgment is entered.

*R.* 1:4–8 in its present form, which became effective September 1, 1996, prescribes the current motion procedure applicable to fee applications under the statute. The occasion for the adoption of the rule was the Supreme Court's decision in *McKeown–Brand v. Trump Castle Hotel & Casino*, 132 *N.J.* 546, 626 *A.*2d 425 (1993), which restricted the applicability of *N.J.S.A.* 2A:15–59.1 to instances in which the parties themselves, and not their lawyers, were factually responsible for frivolous claims or defenses. However, *R.* 1:4–8 as amended governs the procedure for fee applications both against parties under the statute and against lawyers under the rule. *See R.* 1:4–8(b)(3) and –8(f); Pressler, *Current N.J. Court Rules*, comment on *R.* 1:4–8 (1996). *R.* 1:4–8(b)(2) expressly fixes the time for filing fee applications to which it is applicable:

> Time for Filing; Attorney's Fees. A motion for sanctions shall be filed with the court prior to the entry of final judgment, notwithstanding the provisions of any other rule of court.

Applications filed prior to September 1, 1996, like the one at issue here, were governed by the procedure which *R.* 4:42–9

prescribes for "all cases where counsel fees are permitted by statute." *See R.* 4:42–9(a)(8). *R.* 4:42–9(d), "Prohibiting Separate Orders for Allowances of Fees," states:

> An allowance of fees made on the determination of a matter shall be included in the judgment or order stating the determination.

The necessary implication of *R.* 4:42–9(d) is that an application for the allowance of attorneys' fees in a case governed by that rule has to be presented before the entry of the final judgment or, possibly, at the latest, within ten days thereafter by a motion to alter or amend the judgment. *See R.* 4:49–2; *cf. Brennan v. Brennan,* 187 *N.J.Super.* 351, 358, 454 *A.*2d 901 (App.Div.1982); *Ramirez v. County of Hudson,* 169 *N.J.Super.* 455, 458–59, 404 *A.*2d 1271 (Ch.Div.1979). In this respect, the procedure under *R.* 4:42–9 is consistent with the procedure under *R.* 1:4–8. Since defendants in the present case did not make their application for the award of attorneys' fees pursuant to *N.J.S.A.* 2A:15–59.1 within the prescribed time period, their application was properly denied.

The order appealed from is therefore affirmed.