787 A.2d 236 (2001)
346 N.J. Super. 165
Ronald HOROWITZ, Plaintiff-Appellant,
v.
Robert P. WEISHOFF, Defendant-Respondent, and
Brick Real Estate, Inc., Defendant.
Superior Court of New Jersey, Appellate Division.
Argued November 28, 2001.
Decided December 26, 2001.
Ronald Horowitz, Red Bank, appellant, argued the cause pro se.
Mark J. Molz, Hainesport, argued the cause for respondent.
Before Judges KING, WINKELSTEIN and C.S. FISHER.
PER CURIAM.
We write to correct our comments and our misunderstanding in a previously published *237 opinion in this case. In Horowitz v. Weishoff, 318 N.J.Super. 196, 207, 723 A.2d 121 (App.Div.1999), we denied fees and costs to Mr. Weishoff, stating that "this unseemly litigation was precipitated, at least in substantial part, by Mr. Weishoff's blatant disregard of our rules of procedure and of professional conduct." We concluded that "[u]nder these circumstances, he should not be reimbursed for the legal fees which he incurred." Ibid.
Mr. Weishoff filed a motion for reconsideration and on May 17, 1999 we remanded to the Law Division to "find whether, as alleged by defendant, [Bridget] Albano informed defendant and the judge of the Medford Municipal Court on or before the date of the Municipal Court hearing that she had dismissed plaintiff as her attorney and was no longer represented by him." The remand called for an appropriate hearing and the judge was requested to report his findings to this court promptly. We deferred ruling on Mr. Weishoff's motion for reconsideration until the Law Division judge's findings were available to us.
The Law Division judge conducted a plenary hearing pursuant to our May 1999 order. At the conclusion of the hearing the Law Division judge stated, in reference to our prior criticism of Mr. Weishoff for his alleged "blatant disregard for rules of procedure,"
I find from everything that I've heard here no blatant disregard for rules of procedure, or professional conduct. At best I find an innocent, good faith mistake which could have been cleared up through some communication. But the communication never took place. There was an effort on the part of a seasoned Municipal Court practitioner [Mr. Weishoff] to try and resolve a dispute that he's resolved in a similar way thousands of times during his career. And all good Municipal practitioners do the same thing. And that's what he was trying to do.
He was not trying to hurt Mr. Horowitz. He was not trying to undermine Mr. Horowitz. He was not trying to take a fee away from him. There was no fee to be earned to take away from him.

* * * * * *
And with all due respect to the Appellate Division, I am not criticizing them, I'm just saying that I found, I heard the whole testimony, I don't feel that there's any justification for Mr. Weishoff having factually at least, based on this record, having been ... cited.
These findings absolving Mr. Weishoff are fully supported by the record. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 483-84, 323 A.2d 495 (1974); State v. Locurto, 157 N.J. 463, 471, 724 A.2d 234 (1999). We reinstate the original award of counsel fees in defense of the suit for $5200 and costs of $237.73 against Mr. Horowitz for commencing a frivolous lawsuit. Horowitz v. Weishoff, 318 N.J.Super. at 205, 207, 723 A.2d 121; R. 1:4-8; N.J.S.A. 2A:15-59.1.
Affirmed, as modified, and remanded to the Law Division for entry of an appropriate order.