809 A.2d 154 (2002)
355 N.J. Super. 14
Lucille GOOCH, Plaintiff,
v.
CHOICE ENTERTAINING CORPORATION, Group Four Equities, Site Development, Inc., Defendants, and
Accent Landscaping, Defendant-Respondent.
Glenn E. King, Defendant/Third Party Plaintiff-Appellant,
v.
Philip Franchi and his wife Cynthia Franchi, Third Party Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted October 7, 2000.
Decided November 12, 2002.
*155 Glenn E. King, appellant pro se.
John D. Wilson, Camden, for respondents, Accent Landscaping, Philip Franchi and Cynthia Franchi.
Before Judges PETRELLA, BRAITHWAITE and PARKER.
The opinion of the court was delivered by PARKER, J.A.D.
Defendant/third-party plaintiff, Glenn King, appeals from a judgment in favor of third-party defendants, awarding them costs and attorneys fees pursuant to the frivolous complaint statute, N.J.S.A. 2A:15-59.1. We affirm.
This case has a lengthy and convoluted procedural history that we need not recite in its entirety. For the purposes of this appeal, we report the following. Plaintiff, Lucille Gooch, filed a complaint against Choice Entertaining Group, Group IV Equities, Site Development, Inc., Accent Landscaping and appellant King, (d/b/a CDC Contracting, Inc.). Gooch's complaint alleged negligence resulting in snow-related injuries incurred at Commerce Square. King, an attorney acting pro se, filed an answer to Gooch's complaint, and asserted cross-claims against Accent Landscaping and a third-party complaint against Philip and Cynthia Franchi, owners of Accent Landscaping.
In the third-party complaint, King alleged in essence that statements made by the Franchis in the course of the litigation defamed him. King further claimed harassment and abuse of process based upon the allegedly defamatory statements and sought restitution for costs, expenses and losses suffered as a result of his claim. Finally, King asserted a third-party claim for intentional and/or negligent infliction of emotional distress arising out of the alleged defamation.
Ultimately, plaintiff's personal injury claims were settled, and only the third-party claims remained. The third-party complaint was submitted to mandatory non-binding arbitration on June 8, 2000, after which it was "dismissed as having no cause of action."
The Franchis moved to confirm the arbitration award and King filed no opposition. A dismissal order was entered on August 4, 2000 and, on September 19, 2000, the Franchis filed a motion for costs and attorneys fees under N.J.S.A. 2A:15-59.1. At that point, King cross-moved for an order vacating the arbitration dismissal of his third-party complaint and reinstating the matter to the trial list. In his motion, he claimed that he did not oppose the Franchis' motion to confirm the arbitration award because they had agreed that the *156 arbitration would end the litigation. When the Franchis moved for fees, however, he moved to vacate the arbitration award.
In response to King's motion, the Franchis denied the existence of an agreement between themselves and King and asserted that in the arbitration, appellant "was not able to identify any statement" or details about the alleged defamation. The arbitrator ruled that King's abuse of process claim was not viable "because all of the actions complained of were within the limited immunity of the litigation." Moreover, the arbitrator stated that the award "was not on procedural grounds but on the merits."
After hearing argument on the motion to confirm the arbitration, the judge found "that there was absolutely no basis in the law for the third-party complaint which alleged defamation and slander against the third-party defendants.... And that the claim was frivolous." The judge granted the Franchis' motion and awarded fees and costs totaling $7,127 in accordance with N.J.S.A. 2A:15-59.1. King's motion for reconsideration was denied and additional costs and fees totaling $599.60 were assessed against him for that motion.
In this appeal, King argues that (1) the motion for sanctions pursuant to N.J.S.A. 2A:15-59.1 was not filed timely under R. 1:4-8; (2) the motion judge was unfamiliar with the case; (3) the motion judge evidenced bias toward King; (4) the judge misapplied the standard; and (5) the judge did not consider King's application to vacate the order dismissing the complaint.
The frivolous litigation statute provides:
A party who prevails in a civil action, either as a plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.
[N.J.S.A. 2A:15-59.1a(1).]
In determining whether sanctions should be imposed under the statute, the factors to be considered include whether the action "was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury" or whether the non-prevailing party "knew, or should have known," that the action "was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." N.J.S.A. 2A:15-59.1b(1) and (2).
Relief under this statute has been approached cautiously, so that while baseless litigation will be deterred, "the right of access to the court should not be unduly infringed upon, honest and creative advocacy should not be discouraged, and the salutary policy of the litigants bearing, in the main, their own litigation costs, should not be abandoned." Iannone v. McHale, 245 N.J.Super. 17, 28, 583 A.2d 770 (App. Div.1990). The statute is intended to balance the "competing goals of equal access to the courts and the avoidance of costs of unnecessary litigation by favoring access over cost-avoidance." McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 562, 626 A.2d 425 (1993).
In Czura v. Siegel, 296 N.J.Super. 187, 188, 686 A.2d 390 (App.Div.1997), we addressed the timely filing of a motion for sanctions pursuant to N.J.S.A. 2A:15-59.1. There, the underlying defamation case was dismissed in April 1995, the motion for sanctions was not filed until December 1995, and the trial court denied it as untimely. We affirmed, finding that the "upon judgment" language in the statute "suggests that the fee application may not properly be delayed until substantially after *157 the time when judgment is entered." Czura, supra, 296 N.J.Super. at 189, 686 A.2d 390 (emphasis added).
In Venner v. Allstate, 306 N.J.Super. 106, 113, 703 A.2d 330 (App.Div.1997), we reversed a counsel fee award under the frivolous litigation statute because, among other reasons, the application had not been timely filed. There, the underlying action was dismissed in March 1996 and the motion for fees was filed in August 1996.
Here, the record indicates that the order confirming the arbitration and dismissing the third-party complaint was entered on August 4, 2000 and the Franchis filed their motion for sanctions on September 19, 2000. In September 2000, R. 1:4-8(b)(2) required that a motion for sanctions "be filed ... prior to the entry of final judgment...." The rule "was amended, effective September 2002, to delete the requirement that the motion for sanctions be made before final judgment, requiring it, instead, to be made within twenty days after judgment. That change permits determination of frivolousness at the time judgment is entered, [and] a reasonable time thereafter for making the motion." Pressler, Current N.J. Court Rules, comment on R. 1:4-8. While the Franchis' motion for sanctions was not timely filed under R. 1:4-8, we have determined that under the facts of this case, it is appropriate to relax the rule. R. 1:1-2; Horowitz v. Weishoff, 318 N.J.Super. 196, 207, 723 A.2d 121 (App.Div.1999), aff'd as modified, remanded, 346 N.J.Super. 165, 787 A.2d 236 (App.Div.2001).
We are relaxing the rule based upon the record indicating that King, an attorney appearing pro se, initiated the third-party litigation without any apparent basis for doing so. In his reply brief, King presents excerpts of "various discovery motions" and excerpted portions of deposition transcripts of Philip Franchi taken in conjunction with the first-party litigation to support his defamation claim. King's reliance on those documents is misplaced for two reasons: first, there was no legal basis for the defamation claims because statements "made in the course of judicial, administrative, or legislative proceedings [are] absolutely privileged and wholly immune from liability." Hawkins v. Harris, 141 N.J. 207, 213, 661 A.2d 284 (1995) citing, Erickson v. Marsh & McLennan Co., 117 N.J. 539, 563, 569 A.2d 793 (1990); and second, King provided no factual or legal basis for his claims during the arbitration, the motion to reconsider or this appeal.
King, as an officer of the court, knew, or should have known, the law regarding immunity. His pursuit of the defamation claim in the face of the absolute immunity warrants relaxation of the R. 1:4-8(b)(2) time limits and the imposition of sanctions under the frivolous litigation statute.
King argues that although the arbitrator and motion judge focused on the defamation claims, they failed to consider his other claims. In our review of the record, however, it is apparent that all of King's claims arise out of the allegedly defamatory statements. If he had claims separate and distinct from the purportedly defamatory statements, he could have, and should have, presented those facts to the arbitrator and the motion judge. He did not. Rather, in his certification in support of his motion for reconsideration, King merely stated in paragraph four: "There were numerous issues, several of which were never addressed which remained viable causes of action[.] I will detail this further in my supplemental filings[;]" and in paragraph five: "I will be submitting further specifics on this as well, but generally, the defendant made wilful, wrong statements about the nature and quality of *158 the work performed[,] as well as the party performing same." These fact-free statements were made four years after King filed the third-party complaint and provided no basis in fact or law to pursue his third-party claims.
Affirmed.