**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1545-22

J.O.,

    Plaintiff-Appellant,

v.

M.O., M.D.,

    Defendant-Respondent.

_____

Submitted March 12, 2024 – Decided May 7, 2024

Before Judges Gooden Brown and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-2716-21.

Dunne, Dunne & Cohen, LLC, attorneys for appellant (Frederick Richard "Chip" Dunne, III, of counsel and on the briefs).

Bell, Shivas & Bell, PC, attorneys for respondent (Joseph J. Bell, Jr., on the brief).

PER CURIAM

Plaintiff J.O.[1] appeals from a December 16, 2022, Law Division order awarding counsel fees to defendant M.O. in the amount of $8,023.50. We affirm in part, and remand in part.

J.O. and M.O. were involved in a brief romantic relationship. After the relationship ended, M.O. obtained a temporary restraining order (TRO) against J.O. on February 14, 2021, predicated on a domestic violence complaint alleging sexual assault and harassment. Thereafter, on March 23, 2021, the domestic violence complaint was dismissed and the TRO was vacated with the consent of both parties, who agreed to cease all further "contact or communication."

However, on December 23, 2021, J.O. filed a three-count complaint against M.O., alleging defamation, intentional infliction of emotional distress, and libel stemming from the sexual assault and harassment allegations in M.O.'s dismissed domestic violence complaint, allegations J.O. claimed were false. In response, on January 27, 2022, M.O.'s attorney served a safe harbor notice on J.O.'s counsel pursuant to N.J.S.A. 2A:15-59.1 and Rule 1:4-8.

As a prerequisite to the recovery of a counsel fee sanction, Rule 1:4-8 requires the litigant seeking the sanction to "'serve a written notice and demand

---

[1] We use initials to protect the privacy of the parties in accordance with Rule 1:38-3(c)(12).

A-1545-22

on the attorney . . . , which must include a request that the allegedly frivolous paper [or pleading] be withdrawn.' This notice is generally referred to as a 'safe harbor' notice." Bove v. AkPharma Inc., 460 N.J. Super. 123, 149-50 (App. Div. 2019) (second alteration in original) (citation omitted) (quoting Toll Bros., Inc. v. Twp. of W. Windsor, 190 N.J. 61, 69 (2007)). "The notice must 'set [ ] forth "with specificity" the basis for his or her belief that the pleading is frivolous'" and must "provide an opportunity to 'withdraw the assertedly offending pleadings.'" Id. at 150 (alteration in original) (quoting Ferolito v. Park Hill Ass'n, 408 N.J. Super. 401, 408 (App. Div. 2009)).

In the January 27, 2022, safe harbor notice, M.O.'s attorney demanded the withdrawal of the complaint as frivolous. Among other things, M.O.'s counsel identified several specific statements within the complaint that he characterized as "misleading," "inaccurate," or "protected by litigation privilege." The notice also claimed that "th[e] action [was] . . . filed in bad faith," and J.O. initiated the matter "for no reason other than to harass" M.O., "disrupt [his] life, waste his money, attempt to destroy his marriage, and make public those aspects of their lives that they had agreed to put behind them on March 23, 2021." The notice informed J.O. that M.O. would pursue sanctions, including attorney's fees, if

J.O. did not voluntarily withdraw the claims, and that attorney's fees would "increase if forced to continue to defend [against] this frivolous suit."

When J.O. did not withdraw the complaint, on March 4, 2022, M.O. moved to dismiss the complaint for failure to state a claim. In opposition to the motion, on March 24, 2022, J.O. electronically filed a series of "nude photographs" of M.O. along with "sexual correspondence[]" previously exchanged between the parties, which J.O. claimed was necessary to "establish the timeline and nature of the parties' relationship." The following day, March 25, 2022, the trial judge entered a sua sponte order, striking J.O.'s submissions from eCourts.

In the order, the judge explained that the filing "improperly contain[ed] confidential personal identifiers" in violation of Rule 1:38-7. During a hearing conducted the same day, the judge further explained that M.O. had filed an objection to J.O.'s submissions, as a result of which the judge had stricken the submissions. In rejecting J.O.'s arguments that there were no personal identifiers contained in the submissions to justify striking them from the record, the judge explained that there was "absolutely no basis" to submit "naked" "pictures" of the parties "in different positions" "in a public document" on eCourts, and that J.O. could have "submit[ted] a small description" instead.

4

J.O. moved for leave to appeal to this court, challenging the judge's decision. We denied the motion on May 5, 2022. Subsequently, our Supreme Court also denied J.O.'s motion for leave to appeal in an order filed on September 13, 2022. Without taking a position, in the Court's memorializing order, the Court noted that "the parties may pursue appropriate mechanisms for the filing of materials confidentially or under seal in applicable circumstances." Following the denial of his motions for leave to appeal, J.O. filed the photographs under seal for the trial judge's consideration.

On September 30, 2022, the judge heard oral argument on M.O.'s motion to dismiss the complaint. In an order and oral opinion of the same date, the judge granted M.O.'s motion, dismissing the complaint with prejudice. The judge explained that the litigation privilege applied to the statements M.O. made about J.O. in the context of the domestic violence proceeding and barred the causes of action alleged in the complaint. The judge also noted that although the photographs "add[ed] nothing" to the motion or the complaint, they were now properly filed under seal.[2]

---

[2] The judge commented that the ruling did not bar J.O. from filing a new complaint to which the litigation privilege did not apply. Subsequently, J.O. filed a new complaint alleging abuse of process and malicious prosecution based on M.O.'s filing of the domestic violence action. The second complaint was also dismissed pursuant to Rule 4:6-2 for failure to state a claim.

Less than a month later, on October 25, 2022, M.O. moved for counsel fees as a frivolous litigation sanction over J.O.'s objection. In a December 16, 2022, order, the judge granted partial counsel fees in the amount of $8,023.50, explaining that:

> The gravamen of [J.O.'s] complaint was his assertion that the [domestic violence] application by [M.O.] was improper. The cause of actions chosen was not proper. The court does not find that frivolous. What was frivolous was his insistence to include photographs with his complaint. They were unnecessary and intentionally inflammatory. Fees are awarded for the efforts of counsel before the appellate and Supreme Court.

This appeal followed.

On appeal, J.O. raises the following points for our consideration:

I. [J.O.] HAS NOT ENGAGED IN "FRIVOLOUS LITIGATION" UNDER [RULE] 1:4-8 OR N.J.S.A. 2A:15-59.1[.]

a. [J.O.'s] Pleadings Were Not Made In Bad Faith And Not Used Solely For The Purpose Of Harassment, Delay, Or Malicious Injury[.]

b. [J.O.'s] Pleadings Contained A Reasonable Basis In Law And Was Supported By Good Faith Arguments That The Trial Court's Order Should Be Reversed[.]

II. THE TRIAL COURT'S AWARD OF COUNSEL FEES CONSTITUTES AN ABUSE OF DISCRETION[.]

6

a. The Trial Court's Award Of Attorney Fees Lacked Any Reasonable Explanation[.]

b. New Jersey Follows Established Policies Disfavoring Awards Of Attorney Fees, Except In Exceptional Cases[.]

c. The Trial Court's Award Of Attorney Fees Rested On Impermissible Bases[.]

We review a trial judge's decision to award counsel fees on a motion for frivolous litigation sanctions under an abuse of discretion standard.  McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011).  Reversal is warranted "only if [the decision] 'was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment.'"  Ibid. (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).

Sanctions for frivolous litigation against a party are governed by N.J.S.A. 2A:15-59.1, which permits the trial judge to award "all reasonable litigation costs and reasonable attorney fees" to a prevailing party in a civil action "if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the non-prevailing person was frivolous."  N.J.S.A. 2A:15-59.1(a)(1).

An action is frivolous if:

(1) [it] . . . was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or

(2) [t]he nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

[N.J.S.A. 2A:15-59.1(b).]

The prevailing party's application to the court for an award under the statute "shall be supported by an affidavit" detailing, among other things, "[t]he nature of the services rendered, the responsibility assumed, the results obtained, the amount of time spent by the attorney, any particular novelty or difficulty, [and] the time spent and services rendered by secretaries and staff[.]" N.J.S.A. 2A:15-59.1(c)(1).

"Rule 1:4-8 supplements N.J.S.A. 2A:15-59.1." McDaniel, 419 N.J. Super. at 498. Under Rule 1:4-8, sanctions for frivolous filings may be available where an attorney files "a pleading, written motion, or other paper" without ensuring "after an inquiry reasonable under the circumstances" that:

(1) the paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the factual allegations have evidentiary support or, as to specifically identified allegations, they are either likely to have evidentiary support or they will be withdrawn or corrected if reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support; and

(4) the denials of factual allegations are warranted on the evidence or, as to specifically identified denials, they are reasonably based on a lack of information or belief or they will be withdrawn or corrected if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support.

[R. 1:4-8(a).]

"A court may impose sanctions upon an attorney if the attorney files a paper that does not conform to the requirements of Rule 1:4-8(a), and fails to withdraw the paper within twenty-eight days of service of a demand for its withdrawal." United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 389 (App. Div. 2009) (citing R. 1:4-8(b)(1)). "For purposes of imposing sanctions under Rule 1:4-8, an assertion is deemed 'frivolous' when '"no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it

is completely untenable.'"" Ibid. (quoting First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2007)).

"Sanctions imposed under th[e] rule 'are specifically designed to deter the filing or pursuit of frivolous litigation[.]'" Bove, 460 N.J. Super. at 148 (second alteration in original) (quoting LoBiondo v. Schwartz, 199 N.J. 62, 98 (2009)). As such, a sanction imposed for a violation of the rule "shall be limited to a sum sufficient to deter repetition of such conduct." R. 1:4-8(d). "A second purpose of the rule is to compensate the opposing party in defending against frivolous litigation." Bove, 460 N.J. Super. at 148. Thus, the sanction may consist of "an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." R. 1:4-8(d).

> Among the factors to be considered by the court in imposing a sanction . . . is the timeliness of the movant's filing of the motion therefor. In the order imposing sanctions, the court shall describe the conduct determined to be a violation of th[e] rule and explain the basis for the sanction imposed.
>
> [Ibid. ]

"Sanctions are not to be issued lightly." McDaniel, 419 N.J. Super. at 499.

> [W]e have approached fee-shifting requests under the Frivolous Litigation Statute and Rule 1:4-8 restrictively, because "the right of access to the court should not be unduly infringed upon, honest and creative advocacy should not be discouraged, and the

10

salutary policy of the litigants bearing, in the main, their own litigation costs, should not be abandoned."

[Bove, 460 N.J. Super. at 147 (quoting Gooch v. Choice Entertaining Corp., 355 N.J. Super. 14, 18 (App. Div. 2002)).]

As such, "[s]anctions should be awarded only in exceptional cases." Id. at 151. To that end, "[s]anctions for frivolous litigation are not imposed because a party is wrong about the law and loses his or her case." Tagayun v. AmeriChoice of N.J., Inc., 446 N.J. Super. 570, 580 (App. Div. 2016). Indeed, "[w]here a party has [a] reasonable and good faith belief in the merit of the cause, attorney's fees will not be awarded." Perez, 391 N.J. Super. at 432.

"Of course, litigation may become frivolous, and therefore sanctionable, by continued litigation over a meritless claim, even if the initial pleading was not frivolous or brought in bad faith." Bove, 460 N.J. Super. at 152 (citing DeBrango v. Summit Bancorp, 328 N.J. Super. 219, 226 (App. Div. 2000)). "This is because the 'requisite bad faith or knowledge of lack of well-groundedness may arise during the conduct of the litigation.'" Ibid. (quoting United Hearts, 407 N.J. Super. at 390). The party seeking the imposition of sanctions bears the burden of proving bad faith. Ferolito, 408 N.J. Super. at 408 (citing McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 559 (1993)).

11

Applying these principles, we discern no abuse of discretion in the judge's decision to award partial attorney's fees. Although the judge dismissed J.O.'s complaint as barred by the litigation privilege, the judge did not find that J.O.'s complaint was frivolous. Instead, what the judge determined was frivolous was J.O.'s insistence on including the sexually explicit photographs of M.O. publicly on eCourts, necessitating M.O. defending the removal of the photos in this court and the Supreme Court. As a result, the judge confined the award to M.O.'s counsel's representation in the respective interlocutory appeals.

During the March 25, 2022, hearing, J.O. argued that the parties' sexually explicit photographs were "relevant because . . . . [t]his [was] the nature of the[ parties'] relationship." However, the judge repeatedly explained that J.O.'s submission of the parties' nude photographs in a public domain was not necessary for the judge to evaluate the complaint or M.O.'s dismissal motion, as J.O. could just as easily "describe[] [the relationship] with words" or "submit a small description." Undeterred by the judge's unambiguous ruling, J.O. sought an interlocutory appeal before this court and the Supreme Court, solely disputing his ability to publicly file the explicit photographs, delaying the resolution of the matter for another six months.

On appeal, J.O. only contests the award of partial attorney's fees for the filing of the photographs. J.O. reiterates that the photographs were "necessary . . . to prove his case" and "essential to salvage [his] substantially harmed reputation caused by [M.O.'s] allegations" in "seeking a restraining order." J.O. claims the photographs were filed "in good faith to protect his interests, rather than to harm" M.O. He contends his "appeals" of the judge's order "deleting the pleadings" contained "reasonable bases and good faith arguments," and "the photographs," while "mildly uncomfortable," did not constitute "'confidential personal identifiers' under [Rule] 1:38-7," as found by the judge.

We are satisfied the judge did not abuse his discretion in awarding partial counsel fees. J.O.'s bad faith is apparent on this record. J.O. was repeatedly informed that the explicit photographs were not necessary for the judge to evaluate the merits of his complaint. M.O. did not dispute the existence of a relationship, but rather challenged the complaint based on the litigation privilege. Moreover, J.O. could have initially filed the photographs under seal, as he did after his interlocutory appeals were denied. As such, we affirm the judge's decision granting partial counsel fees as a frivolous litigation sanction.

J.O. further asserts the judge "failed to provide a clear and specific rationale for the award of counsel fees," in "direct contravention of the

principles of due process and fundamental fairness." Although the judge "describe[d] the conduct determined to be a violation of th[e] rule and explain[ed] the basis for the sanction imposed" as required under Rule 1:4-8(d), the judge did not provide an explanation for awarding the particular fee of $8,023.50. In his merits brief, M.O. states that in his original motion before the judge, he requested repayment of $45,392, representing "the full amount expended in his defense." In support, he "submitted his monthly billing with a breakdown of hours expended by attorneys and paralegals, as well as a monthly breakdown of expenses for this matter."

However, the record before us does not contain that submission and lacks sufficient evidence for us to evaluate the specific award determination. See Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (citing Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21 (2004)) (holding that a court awarding attorney's fees must determine the "lodestar," defined as the "number of hours reasonably expended" by the attorney, "multiplied by a reasonable hourly rate"). Thus, we are constrained to remand the matter to the trial court for findings in conformity with this opinion.

To the extent we have not addressed specific arguments, it is because they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed in part, and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1545-22