**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3071-23

NANCY FIGUEROA,

    Plaintiff-Appellant,

v.

XAVIER FIGUEROA,

    Defendant-Respondent.

_____

          Submitted June 3, 2025 – Decided June 18, 2025

          Before Judges Smith and Vanek.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1067-21.

          Ambrosio & Associates, Attorneys at Law, LLC, attorneys for appellant (Elisa C. Ambrosio-Farias, on the brief).

          Respondent has not filed a brief.

PER CURIAM

Plaintiff Nancy Figueroa appeals from a Family Part order denying reconsideration of a final judgment of divorce (FJOD) entered without awarding her counsel fees and costs. Based on our thorough review of the record and applicable law, we vacate and remand for further proceedings.

I.

We recount the salient facts in the record. Plaintiff filed a complaint for divorce against defendant Xavier Figueroa which included a request for counsel fees and costs.

When defendant failed to file an answer or other responsive pleading, the trial court entered a default FJOD. Defendant eventually retained counsel and successfully moved to vacate the default FJOD. Defendant then fired his attorney, and the trial court entered an order relieving counsel from representing defendant in the case. Defendant did not retain successor counsel and failed to participate in the remainder of the litigation.

On December 20, 2023, plaintiff's counsel submitted a proposed FJOD to the court which included a request for attorney's fees and costs, asserting "[plaintiff's] attorney's certification of services will be provided by separate submission." On January 24, 2024, plaintiff's counsel filed an affidavit of services with accompanying exhibits in support of plaintiff's fee application.

2

On January 29, 2024, the trial court held a hearing to consider plaintiff's application for the entry of a FJOD. At the outset of the proceeding, the trial court stated,

> [t]he [c]ourt notes that on January 22, 2024, an affidavit with certain exhibits A through G was submitted on behalf of . . . plaintiff by [counsel]. Then, two days later, we received another document which include[d] a certification with regard to [a] request for attorney's fees, and the exhibits A to C, those are the ones in support of the attorney fee request.

Neither plaintiff's counsel nor the court raised the issue of attorney's fees again during the hearing. After rendering an oral decision granting plaintiff's FJOD, the trial court stated on the record, "[a]ny other items sought by . . . plaintiff in her complaint or in her notice of proposed final judgment are deemed waived." Counsel did not raise any objection at that time to the entry of the FJOD without counsel fees.

On January 31, 2024, the trial court entered a FJOD that did not address plaintiff's request for attorney's fees and again set forth, "[a]ll other issues or claims raised by [p]laintiff are hereby deemed waived." Twenty days later, plaintiff moved for reconsideration of the FJOD, arguing the trial court erred in failing to consider her counsel fee application. During oral argument on the reconsideration motion, plaintiff's counsel posited that he thought the counsel

fee application would be addressed by the trial court separately, after the FJOD was entered.

In denying plaintiff's motion, the trial court stated plaintiff's counsel

> never, at any point during the entirety of that hearing, referenced any request for attorney's fees or costs even after the [c]ourt issued its decision. So[,] for [counsel] to, in essence, . . . assert that he had an expectation that something would happen afterwords. There's no basis for that in the record whatsoever.
>
> . . . .
>
> So[,] the [c]ourt finds that . . . plaintiff has failed to demonstrate any basis for reconsideration that the [c]ourt overlooked any controlling issues of law or controlling issues of fact or things that . . . plaintiff could have presented to the [c]ourt. And clearly, if plaintiff wanted to present the request for attorney's fees, she and her attorney had every ability to do so at the January 29th evidentiary hearing, and for reasons unknown to the [c]ourt, simply failed to do so.

This appeal followed.

## II.

It is well-settled that "a trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). A motion for reconsideration of a final judgment is limited, and should only be utilized "for those cases which fall into that narrow corridor in which

A-3071-23

either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

"Although the ordinary 'abuse of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

## III.

A trial court has the sound discretion to award counsel fees in family actions pursuant to N.J.S.A. 2A:34-23, Rule 4:42-9(a)(1), and Rule 5:3-5(c). See Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). Rule 5:3-5(c) is subject to Rule 4:42-9(b) which provides that "all applications for the allowance of fees shall be supported by an affidavit of services addressing the factors enumerated by [Rule of Professional Conduct] RPC 1.5(a)." R. 4:42-9(b).

Our court rules do not contain a time limitation for filing an application for attorney's fees. Rule 4:42-9(d), the omnibus rule respecting counsel fee awards, states that: "[a]n allowance of fees made on the determination of a matter shall be included in the judgment or order stating the determination." That provision has not, however, been rigidly interpreted to require all fee applications to be presented and adjudicated the instant a final judgment or order is entered. See Franklin Med. Assocs. v. Newark Pub. Schs., 362 N.J. Super. 494, 516-17 (App. Div. 2003); Czura v. Siegel, 296 N.J. Super. 187, 189-90 (App. Div. 1997). Such an approach would be impractical as counsel may be unable to present a supporting certification of services pursuant to Rule 4:42-9(b) at the moment the court rules on the final judgment, since the total amount of time on the matter will not be known until the court issues its final ruling. See Ricci v. Corp. Exp. of the East, 344 N.J. Super. 39, 48 (App. Div. 2001).

As a result, our decisional law has construed Rule 4:42-9(d) to allow a fee application to be made not only at the time of final judgment, but also within the twenty-day period set forth by Rule 4:49-2 for motions to alter or amend a judgment. Franklin Med. Assocs., 362 N.J. Super. at 516-17; Czura, 296 N.J. Super. at 189-90 ("The necessary implication of R[ule] 4:42-9(d) is that an application for the allowance of attorney's fees in a case governed by that rule

6

has to be presented before the entry of the final judgment or, possibly, at the latest, within [twenty] days thereafter by a motion to alter or amend the judgment."). Moreover, the twenty-day period under Rule 4:49-2 is not immutable, as there may be justification to expand the permissible time period for filing even further, through an application for post-judgment relief under Rule 4:50-1. See Ricci, 344 N.J. Super. at 48; Warrington v. Village Supermarket, 328 N.J. Super. 410, 423-24 (App. Div. 2000).

We conclude the trial court mistakenly exercised its discretion by denying plaintiff's reconsideration motion seeking relief from the omission of attorney's fees from the FJOD on procedural grounds. Here, plaintiff requested an attorney's fee award in her verified complaint, in her proposed final FJOD, and in a supporting affidavit of services filed prior to the evidentiary hearing. The trial court was aware of plaintiff's intention to seek attorney's fees and costs, acknowledging receipt of plaintiff's certification and the necessary exhibits supporting the request at the outset of the hearing on the entry of the FJOD.

Considering the totality of the circumstances presented by plaintiff's timely motion for reconsideration of the FJOD, seeking relief to the extent the FJOD did not address plaintiff's application for attorney's fees and costs under Rule 4:42-9 and Rule 5:3-5(c), we vacate the trial court's April 29, 2024 order

7

and remand plaintiff's counsel fee application to the trial judge. We offer no opinion on the outcome of further proceedings.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3071-23